Kirk. J. Anderson (SBN 289043)
kanderson@budolaw.com
BUDO LAW P.C.
5610 Ward Rd., Suite #300
Arvada, CO 80002
(720) 225-9440 (Phone)
(720) 225-9331 (Fax)

M. Grant McArthur (SBN 321959)
gmcarthur@budolaw.com
BUDO LAW P.C.
5610 Ward Rd., Suite #300
Arvada, CO 80002
(720) 225-9440 (Phone)
(720) 225-9331 (Fax)

*Attorney(s) for Context Directions*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONTEXT DIRECTIONS LLC, | CASE NO.: |
| *Plaintiff,* | **ORIGINAL COMPLAINT** |
| v. | |
| GARMIN INTERNATIONAL, INC.; GARMIN LTD.; | **JURY TRIAL DEMANDED** |
| *Defendants.* | |

**ORIGINAL COMPLAINT AND DEMAND FOR JURY TRIAL**

Context Directions LLC ("CD" or "Plaintiff"), by and through its counsel, hereby brings this action for patent infringement against Garmin International, Inc. and Garmin Ltd. (collectively "Garmin" or "Defendants"), alleging infringement of the following patents (the "Patents-in-Suit"): U.S. Patent No. 10,142,791 (the "'791 Patent"), titled "Method and system for context awareness of a mobile device"; U.S. Patent No. 9,807,564 (the "'564 Patent"), titled "Method for detecting context of a mobile device and a mobile device with a context detection module"; and U.S. Patent No. 11,057,738 ( the "'738 Patent"), titled "Adaptive context detection in mobile devices," attached hereto as Exhibit A1, A2 and A3, respectively.

On March 29, 2021, an ex parte reexamination, no. 90/014,712, was initiated for the '791 Patent. An ex parte reexamination certificate for the '791 Patent was issued on November 5, 2021. The '791 Patent, together with the ex parte reexamination certificate, is attached hereto as Exhibit A1. U.S. Patent Nos. 10,142,791 B2 and 10,142,791 C1 are collectively known as the '791 Patent.

## NATURE OF THE ACTION

1. This is an action for patent infringement arising under the United States Patent Act 35 U.S.C. §§ 1 et seq., including 35 U.S.C. § 271.

## PARTIES

2. Plaintiff Context Directions LLC is a limited liability company organized under the laws of the State of Delaware with a place of business at 261 West 35th Street, Suite 1003, New York, NY 10001.

3. On information and belief, Defendant Garmin International, Inc. is a corporation organized and existing under the laws of Kansas that maintains an established place of business at 1200 E 151st Street, Olathe, KS 66062. On information and belief, Defendant Garmin International, Inc. may be served through its agent, David Ayres, 1200 East 151st Street, Olathe, KS 66062.

4. On information and belief, Defendant Garmin Ltd. is a foreign

**ORIGINAL COMPLAINT AND DEMAND FOR JURY TRIAL**

company organized and existing under the laws of Switzerland with its principal place of business at Muhlenstalstrasse 2, 8200 Schaffhausen, Switzerland.

## JURISDICTION AND VENUE

5.      This lawsuit is a civil action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 101 et seq. The Court has subject-matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1332, 1338(a), and 1367.

6.      The Court has personal jurisdiction over Defendants for the following reasons: (1) Defendants are present within or has minimum contacts within the State of California and Central District of California; (2) Defendants have purposefully availed themself of the privileges of conducting business in the State of California and in this district; (3) Defendants have sought protection and benefit from the laws of the State of California; (4) Defendants regularly conduct business within the State of California and within this district, and Plaintiff's causes of action arise directly from Defendants' business contacts and other activities in the State of California and in this district; and (5) Defendants have a regular and established place of business in the State of California and in this district.

7.      Defendants, directly and/or through intermediaries, ship, distribute, use, offer for sale, sell, and/or advertise products and services in the United States, the State of California, and the Central District of California including but not limited to the products which contain the infringing elements as detailed below. Upon information and belief, Defendants have committed patent infringement in the State of California and in this district; Defendants solicit and have solicited customers in the State of California and in this district; and Defendants have paying customers who are residents of the State of California and this district and who each use and have used the Defendants' products and services in the State of California and in this district.

8.      Venue is proper in the Central District of California as to Defendant

**ORIGINAL COMPLAINT AND DEMAND FOR JURY TRIAL**

Garmin International, Inc. pursuant to 28 U.S.C. §§ 1400(b). Defendant Garmin International, Inc. has a regular and established place of business in this district, Defendant has transacted business in this district, and Defendant has directly and/or indirectly committed acts of patent infringement in this district. For example, Defendant Garmin International, Inc. has a regular and established place of business at 120 Cremona Drive, Goleta, CA.

9. Furthermore, Garmin International, Inc. has admitted that it maintains a regular and established place of business in this Judicial District. On June 12, 2017, in the case *Location Based Services, LLC v. Garmin International, Inc.,* 17-cv-133-JRG-RSP (E.D. Tex.), the parties filed a joint motion to transfer the case to this Court, stating that the "Defendant has a regularly established place of business" in this Judicial District.

10. Venue is proper as to Defendant Garmin Ltd. because Garmin Ltd. is a foreign entity and venue is proper wherever there is personal jurisdiction.

11. Additionally, upon information and belief, Defendant Garmin Ltd. is aware that its subsidiaries Garmin International, Inc. and/or Garmin USA, Inc. directly sell the Accused Products to parties in California and in this Judicial District.

## FACTS AND BACKGROUND

12. Plaintiff incorporates the above paragraphs herein by reference.

13. On November 27, 2018, the '791 Patent was duly and legally issued by the United States Patent and Trademark Office. On October 31, 2017, the '564 Patent was duly and legally issued by the United States Patent and Trademark Office. On July 6, 2021, the '738 Patent was duly and legally issued by the United States Patent and Trademark Office. The three Patents (collectively "the Patents-in-Suit") are presumed valid and enforceable.

14. Plaintiff is the assignee of all right, title and interest in the Patents-in-

ORIGINAL COMPLAINT AND DEMAND FOR JURY TRIAL

Suit, including all rights to enforce and prosecute actions for infringement and to collect damages for all relevant times against infringers thereof.

15.    The Patents-in-Suit include claims directed towards detecting the context of a mobile device, as well as a mobile device having such detection capability, where the mobile device has a plurality of sensors assigned to sensor groups arranged in a hierarchy, along with classifiers assigned to the sensor groups and a context-detecting circuitry that activates and adapts the classifiers to evaluate the context of the mobile device based on signals from one or more of the sensors.

16.    The inventions disclosed in the Patents-in-Suit were not well-understood, routine, or conventional. At the time the application that resulted in the Patents-in-Suit was filed, there existed various problems in how to detect context of mobile devices. One prior system used device sensors to detect context by indirect means only. In that type of system, for example, one could detect that a mobile device is located in a moving vehicle by determining its approximate position from signals of base stations for cellular phones, and then calculating the average speed of the device. However, those types of systems were not very accurate and resulted in uncertainty as to the position of the device on the order of a few hundred meters to several kilometers, as well as frequent false classifications indicating the movement of the device when that was not the case. *See, e.g.,* '564 Patent at 1:56-2:3.

17.    Another method to detect whether a mobile device is in a moving vehicle entailed analyzing the speed of the device using a global satellite positioning ("GPS") system. While this provided more accurate positioning information than using the signals of mobile phone cell towers, the GPS receiver consumed significant amounts of energy and reduced the life of the mobile device's battery. *See, e.g.,* '564 Patent at 2:4-13.

**ORIGINAL COMPLAINT AND DEMAND FOR JURY TRIAL**

18.    Another system utilized a vehicle-mounted, short-range radio transmitter and a mobile device equipped with a receiver that was compatible with the transmitter. The system assumed the mobile device was in a vehicle when it was in range of the transmitter, but an obvious disadvantage of this system was the need for the transmitter in the vehicle. *See, e.g.,* '564 Patent at 2:29-44.

19.    The Patents-in-Suit describe technical improvements and addressed various technical problems present in prior systems. The Patents-in-Suit describe an accurate and efficient method for determining the context of a mobile device based on signals from sensors found in such mobile devices.

20.    The Patents-in-Suit describe equipping a mobile device with context-detecting circuitry and classifiers, where the sensors of the mobile device are assigned to at least two sensor groups, each of which comprises at least one sensor, and each such sensor group is allocated a classifier adapted to detect the context of the device based on the indications of the sensors belonging to the given sensor group. The groups of sensors are arranged hierarchically, and the context of the mobile device is detected by reading a classification result indicated by the classifier of a currently active group of sensors in the mobile device. When an identified context is detected, the power supply of the sensors in the lower group may be switched on and classification in a group with a higher level activated. The context of the mobile device is read based on the higher group's classifier, and based on the results of the classification indicated by the higher group's classifiers, the configuration of the lower group's classifiers is adapted. *See, e.g.,* '564 Patent at 3:66-4:17.

21.    Yet another advantage of the Patents-in-Suit concerns energy efficiency. The sensor groups in the mobile device are arranged hierarchically, such that the total amount of energy required to determine a classification result in lower-level groups is less than the amount of energy required to determine the result of the

**ORIGINAL COMPLAINT AND DEMAND FOR JURY TRIAL**

classification in higher-level groups. This arrangement, coupled with the adaptation of the configuration of the lower-level classifier based on classification results returned by classifiers of a higher level, results in greater energy efficiency as the adaptations proceed. *See, e.g.,* '564 Patent at 6:1-14.

22. The claims of the Patents-in-Suit do not merely recite the performance of a familiar business practice with a requirement to perform it on the Internet. Instead, the claims recite one or more inventive concepts that are rooted in improving use of sensors in mobile devices.

23. Moreover, the claimed inventions of the Patents-in-Suit cannot be performed with pen and paper or in the human mind. Additionally, because the Patents-in-Suit address problems rooted in improving use of sensors in mobile devices, the technology is not merely drawn to longstanding human activities.

### INVENTOR OF THE PATENTS-IN-SUIT

24. Mr. Pawel Aksamit is the inventor of the Patents-in-Suit. The Patents-in-Suit resulted from the pioneering efforts of Mr. Aksamit in methods of detecting context in mobile devices, such as mobile phones, laptops, PDAs, tablets, watches, music players, satellite navigation devices and cameras, as well as the devices themselves having such context detection capability. Detecting context in mobile devices includes, for example, the awareness of a device regarding the environment in which it is located, the activity of the user and/or the circumstances of the user of the device, all of which can help to improve the usability of the device, as well as the comfort and safety of its use. *See, e.g.,* '564 Patent at 1:27-35.

### ACCUSED PRODUCTS

25. Defendants make, use, offer for sale, sell in the U.S., and import into the U.S., products, systems, and/or services that infringe the Patents-in-Suit, including, but not limited to, Garmin fenix 6S, fenix 6S-Pro, Vivoactive series smartwatch, Venu series smartwatch, Forerunner series smartwatch, Instinct series

**ORIGINAL COMPLAINT AND DEMAND FOR JURY TRIAL**

smartwatch, Enduro series smartwatch, Marq series smartwatch, Quatix series smartwatch, Vivomove series smartwatch, and/or Garmin Swim 2. (each an Accused Product and collectively the "Accused Products").

26.    Each of the Accused Products includes a plurality of sensors and a plurality of sensor groups, each of the sensor groups is assigned to at least one of the sensors, and the sensor groups are arranged according to a hierarchy.

## COUNT I

### (Infringement of U.S. Patent No. 10,142,791)

27.    Plaintiff incorporates the above paragraphs herein by reference.

28.    The '791 Patent is valid, enforceable, and was duly and legally issued by the United States Patent and Trademark Office ("USPTO") on November 27, 2018. The '791 Patent is presumed valid and enforceable. *See* 35 U.S.C. § 282.

29.    On March 29, 2021, an ex parte reexamination, no. 90/014,712, was initiated for the '791 Patent. An ex parte reexamination certificate was issued on November 5, 2021 for the '791 Patent.

30.    Plaintiff is the owner by assignment of the '791 Patent and possesses all rights of recovery under the '791 Patent, including the exclusive right enforce the '791 Patent and pursue lawsuits against infringers.

31.    Without a license or permission from Plaintiff, Defendants have infringed and continue to directly and indirectly infringe one or more claims of the '791 Patent by importing, making, using, offering for sale, and/or selling products and devices (or services) – including the Accused Products, in violation of 35 U.S.C. § 271.

### Direct Infringement – 35 U.S.C. § 271(a)

32.    Plaintiff incorporates the above paragraphs herein by reference, the same as if set forth herein.

**ORIGINAL COMPLAINT AND DEMAND FOR JURY TRIAL**

33.     Without a license or permission from Plaintiff, Defendants have infringed and continue to directly infringe one or more claims of the '791 Patent by importing, making, using, offering for sale, or selling the Accused Products in violation of 35 U.S.C. § 271.

34.     Defendants have been and continue to directly infringe by, among other things, through internal testing, quality assurance, research and development, other use, and troubleshooting. *See Joy Techs., Inc. v. Flakt, Inc*., 6 F.3d 770, 775 (Fed. Cir. 1993); *see also* 35 U.S.C. § 271 (2006).

35.     By way of example, Defendants have infringed and continue to infringe one or more claims of the '791 Patent, including at least Claim 1. Attached hereto as Exhibit B1 is an exemplary claim chart providing evidence that illustrates a mapping of Claim 1 of the '791 Patent and an exemplary Accused Product.

**<u>Induced Infringement – 35 U.S.C. § 271(b)</u>**

36.     Plaintiff incorporates the above paragraphs herein by reference, the same as if set forth herein.

37.     Defendants had knowledge of the '791 Patent when this suit was filed. *See EON Corp. IP Holdings, LLC v. Sensus USA, Inc.,* No. C-12-1011 EMC, 2012 WL 4514138, at *1 (N.D. Cal. 2012) (citing *In re Bill of Lading Transmission and Processing System Patent Litigation,* 681 F.3d 1323, 1345 (Fed. Cir. 2012)) (noting that the Federal Circuit has determined that post-filing knowledge is sufficient to meet the knowledge requirement for indirect infringement).

38.     Defendants knew the actions of making, using, selling, offering for sale, and/or importing the Accused Products infringe the '791 Patent and yet Defendants induced and continue to induce others, including partners, customers, and/or third parties, to directly infringe at least one claim of the '791 Patent under 35 U.S.C. § 271(b). Defendants took active steps to induce infringement, such as advertising an infringing use, which supports a finding of an intention. *See Metro-Goldwyn-Mayer*

**ORIGINAL COMPLAINT AND DEMAND FOR JURY TRIAL**

*Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 932 (2005) ("[I]t may be presumed from distribution of an article in commerce that the distributor intended the article to be used to infringe another's patent, and so may justly be held liable for that infringement").

39.   For example, Defendants induced users to use the infringing Accused Products, actively prompting infringement by advertising infringing features and providing instructions on how to use them. *See, e.g.*, Ex. C[1] (advertising the fenix 6 Pro and infringing features, including its heart rate and blood oxygen saturation monitoring); Ex. D[2] (encouraging users to use the heartrate monitoring features of the fenix 6 Pro as well as describing the benefits of using them); Ex. E[3] (encouraging users to use the blood oxygen saturation monitoring features of the fenix 6 Pro as well as describing the benefits of using them); Ex. F[4] (providing in-depth instructions on how to utilize heart rate monitoring features); and Ex. G[5] (providing in-depth instructions on how to utilize blood oxygen saturation monitoring features).

40.   The allegations herein support a finding that Defendants induce infringement of the '791 Patent. *See Power Integrations v. Fairchild Semiconductor*, 843 F.3d 1315, 1335 (Fed. Cir. 2016) ("[W]e have affirmed induced infringement verdicts based on circumstantial evidence of inducement [e.g., advertisements, user manuals] directed to a class of direct infringers [e.g., customers, end users] without requiring hard proof that any individual third-party direct infringer was actually persuaded to infringe by that material.").

## **Contributory Infringement – 35 U.S.C. § 271(c)**

---

[1] Available at https://www.garmin.com/en-US/p/641479/pn/010-02158-10#overview.
[2] Available at https://www.garmin.com/en-US/garmin-technology/health-science/heart-rate-monitoring/.
[3] Available at https://www.garmin.com/en-US/garmin-technology/health-science/pulse-ox/.
[4] Available at https://www8.garmin.com/manuals/webhelp/fenix66s6xpro/EN-US/fenix_6_6S_6X_Pro_OM_EN-US.pdf at 36.
[5] Available at https://www8.garmin.com/manuals/webhelp/fenix66s6xpro/EN-US/fenix_6_6S_6X_Pro_OM-EN-US.pdf at 51.

**ORIGINAL COMPLAINT AND DEMAND FOR JURY TRIAL**

41.    Plaintiff incorporates the above paragraphs herein by reference, the same as if set forth herein.

42.    Defendants had knowledge of the '791 Patent when this suit was filed. *See EON Corp. IP Holdings, LLC v. Sensus USA, Inc.,* No. C-12-1011 EMC, 2012 WL 4514138, at *1 (N.D. Cal. 2012) (citing *In re Bill of Lading Transmission and Processing System Patent Litigation,* 681 F.3d 1323, 1345 (Fed. Cir. 2012)) (noting that the Federal Circuit has determined that post-filing knowledge is sufficient to meet the knowledge requirement for indirect infringement).

43.    On information and belief, Defendants contribute to its users' infringement of at least Claim 1 of the '791 Patent by actions of making, using, selling, offering for sale, and/or importing the Accused Products that have no substantial non-infringing uses. *See, e.g., Lucent Techs., Inc. v. Gateway, Inc*., 580 F.3d 1301, 1321 (Fed. Cir. 2009) (holding that the "substantial non-infringing use" element of a contributory infringement claim applies to an infringing feature or component, and that an "infringing feature" of a product does not escape liability simply because the product as a whole has other non-infringing uses).

**Willful Infringement**

44.    Plaintiff incorporates the above paragraphs herein by reference, the same as if set forth herein.

45.    Defendants had knowledge of the '791 Patent when this suit was filed. *See EON Corp. IP Holdings, LLC v. Sensus USA, Inc.,* No. C-12-1011 EMC, 2012 WL 4514138, at *1 (N.D. Cal. 2012) (citing *In re Bill of Lading Transmission and Processing System Patent Litigation,* 681 F.3d 1323, 1345 (Fed. Cir. 2012)) (noting that the Federal Circuit has determined that post-filing knowledge is sufficient to meet the knowledge requirement for indirect infringement).

46.    Despite their knowledge of the '791 Patent, Defendants have sold and continued to sell the Accused Products in complete and reckless disregard of

**ORIGINAL COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff's patents rights. As such, Defendants have acted recklessly and continue to willfully, wantonly, and deliberately engage in acts of infringement of the '791 Patent, justifying an award to Plaintiff of increased damages under 35 U.S.C. § 284, and attorneys' fees and costs incurred under 35 U.S.C. § 285.

## COUNT II

### (Infringement of U.S. Patent No. 9,807,564)

47.    The '564 Patent is valid, enforceable, and was duly and legally issued by the United States Patent and Trademark Office ("USPTO") on October 31, 2017. The '564 Patent is presumed valid and enforceable. *See* 35 U.S.C. § 282.

48.    Plaintiff is the owner by assignment of the '564 Patent and possesses all rights of recovery under the '564 Patent, including the exclusive right enforce the '564 Patent and pursue lawsuits against infringers.

49.    Without a license or permission from Plaintiff, Defendants have infringed and continue to directly and indirectly infringe on one or more claims of the '564 Patent by importing, making, using, offering for sale, and/or selling products and devices (or services) – including the Accused Products, in violation of 35 U.S.C. § 271.

### Direct Infringement – 35 U.S.C. § 271(a)

50.    Plaintiff incorporates the above paragraphs herein by reference, the same as if set forth herein.

51.    Without a license or permission from Plaintiff, Defendants have infringed and continue to directly infringe one or more claims of the '564 Patent by importing, making, using, offering for sale, or selling the Accused Products in violation of 35 U.S.C. § 271.

52.    Defendants have been and continue to directly infringe by, among other things, using or otherwise taking actions regarding the Accused Products,  for example, through internal testing, quality assurance, research and development, and

**ORIGINAL COMPLAINT AND DEMAND FOR JURY TRIAL**

troubleshooting. *See Joy Techs., Inc. v. Flakt, Inc*., 6 F.3d 770, 775 (Fed. Cir. 1993); *see also* 35 U.S.C. § 271 (2006).

53.     By way of example, Defendants have infringed and continue to infringe one or more claims of the '564 Patent, including at least Claim 1. Attached hereto as Exhibit B2 is an exemplary claim chart providing evidence that maps each element of Claim 1 of the '564 Patent and an exemplary Accused Product.

**Induced Infringement – 35 U.S.C. § 271(b)**

54.     Plaintiff incorporates the above paragraphs herein by reference, the same as if set forth herein.

55.     Defendants had knowledge of the '564 Patent when this suit was filed. *See EON Corp. IP Holdings, LLC v. Sensus USA, Inc.,* No. C-12-1011 EMC, 2012 WL 4514138, at *1 (N.D. Cal. 2012) (citing *In re Bill of Lading Transmission and Processing System Patent Litigation,* 681 F.3d 1323, 1345 (Fed. Cir. 2012)) (noting that the Federal Circuit has determined that post-filing knowledge is sufficient to meet the knowledge requirement for indirect infringement).

56.     Defendants knew the actions of making, using, selling, offering for sale, and/or importing the Accused Products infringe the '564 Patent and yet Defendants induced and continue to induce others, including partners, customers, and third parties, to directly infringe at least one claim of the '564 Patent under 35 U.S.C. § 271(b). Defendants took active steps to induce infringement, such as advertising an infringing use, which supports a finding of an intention. *See Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 932 (2005) ("[I]t may be presumed from distribution of an article in commerce that the distributor intended the article to be used to infringe another's patent, and so may justly be held liable for that infringement").

57.     For example, Defendants induced users to use the infringing Accused Products, actively prompting infringement by advertising infringing features and

**ORIGINAL COMPLAINT AND DEMAND FOR JURY TRIAL**

providing instructions on how to use them. *See*, *e.g.*, Ex. C[6] (advertising the fenix 6 Pro and infringing features, including its heart rate and blood oxygen saturation monitoring); Ex. D[7] (encouraging users to use the heartrate monitoring features of the fenix 6 Pro as well as describing the benefits of using them); Ex. E[8] (encouraging users to use the blood oxygen saturation monitoring features of the fenix 6 Pro as well as describing the benefits of using them); Ex. F [9] (providing in-depth instructions on how to utilize heart rate monitoring features); and Ex. G[10] (providing in-depth instructions on how to utilize blood oxygen saturation monitoring features).

58.    The allegations herein support a finding that Defendants induced infringement of the '564 Patent. *See Power Integrations v. Fairchild Semiconductor*, 843 F.3d 1315, 1335 (Fed. Cir. 2016) ("[W]e have affirmed induced infringement verdicts based on circumstantial evidence of inducement [e.g., advertisements, user manuals] directed to a class of direct infringers [e.g., customers, end users] without requiring hard proof that any individual third-party direct infringer was actually persuaded to infringe by that material.").

## Contributory Infringement – 35 U.S.C. § 271(c)

59.    Plaintiff incorporates the above paragraphs herein by reference, the same as if set forth herein.

60.    Defendants had knowledge of the '564 Patent when this suit was filed. *See EON Corp. IP Holdings, LLC v. Sensus USA, Inc.,* No. C-12-1011 EMC, 2012 WL 4514138, at *1 (N.D. Cal. 2012) (citing *In re Bill of Lading Transmission and Processing System Patent Litigation,* 681 F.3d 1323, 1345 (Fed. Cir. 2012)) (noting

---

[6] Available at https://www.garmin.com/en-US/p/641479/pn/010-02158-10#overview.

[7] Available at https://www.garmin.com/en-US/garmin-technology/health-science/heart-rate-monitoring/.

[8] Available at https://www.garmin.com/en-US/garmin-technology/health-science/pulse-ox/.

[9] Available at https://www8.garmin.com/manuals/webhelp/fenix66s6xpro/EN-US/fenix_6_6S_6X_Pro_OM_EN-US.pdf at 36.

[10] Available at https://www8.garmin.com/manuals/webhelp/fenix66s6xpro/EN-US/fenix_6_6S_6X_Pro_OM_EN-US.pdf at 51.

**ORIGINAL COMPLAINT AND DEMAND FOR JURY TRIAL**

that the Federal Circuit has determined that post-filing knowledge is sufficient to meet the knowledge requirement for indirect infringement).

61.    On information and belief, Defendants contribute to its users' infringement of at least Claim 1 of the '564 Patent by actions of making, using, selling, offering for sale, and/or importing the Accused Products that have no substantial non-infringing uses. *See, e.g., Lucent Techs., Inc. v. Gateway, Inc*., 580 F.3d 1301, 1321 (Fed. Cir. 2009) (holding that the "substantial non-infringing use" element of a contributory infringement claim applies to an infringing feature or component, and that an "infringing feature" of a product does not escape liability simply because the product as a whole has other non-infringing uses).

**Willful Infringement**

62.    Plaintiff incorporates the above paragraphs herein by reference, the same as if set forth herein.

63.    Defendants had knowledge of the '564 Patent when this suit was filed. *See EON Corp. IP Holdings, LLC v. Sensus USA, Inc.,* No. C-12-1011 EMC, 2012 WL 4514138, at *1 (N.D. Cal. 2012) (citing *In re Bill of Lading Transmission and Processing System Patent Litigation,* 681 F.3d 1323, 1345 (Fed. Cir. 2012)) (noting that the Federal Circuit has determined that post-filing knowledge is sufficient to meet the knowledge requirement for indirect infringement).

64.    Despite their knowledge of the '564 Patent, Defendants have sold and continued to sell the Accused Products in complete and reckless disregard of Plaintiff's patents rights. As such, Defendants have acted recklessly and continue to willfully, wantonly, and deliberately engage in acts of infringement of the '564 Patent, justifying an award to Plaintiff of increased damages under 35 U.S.C. § 284, and attorneys' fees and costs incurred under 35 U.S.C. § 285.

## COUNT III

### (Infringement of U.S. Patent No. 11,057,738)

**ORIGINAL COMPLAINT AND DEMAND FOR JURY TRIAL**

65.     The '738 Patent is valid, enforceable, and was duly and legally issued by the United States Patent and Trademark Office ("USPTO") on July 06, 2021. The '738 Patent is presumed valid and enforceable. *See* 35 U.S.C. § 282.

66.     Plaintiff is the owner by assignment of the '738 Patent and possesses all rights of recovery under the '738 Patent, including the exclusive right enforce the '738 Patent and pursue lawsuits against infringers.

67.     Without a license or permission from Plaintiff, Defendants have infringed and continue to directly and indirectly infringe one or more claims of the '738 Patent by importing, making, using, offering for sale, and/or selling products and devices (or services) – including the Accused Products, in violation of 35 U.S.C. § 271.

### Direct Infringement – 35 U.S.C. § 271(a)

68.     Plaintiff incorporates the above paragraphs herein by reference, the same as if set forth herein.

69.     Without a license or permission from Plaintiff, Defendants have infringed and continue to directly infringe on one or more claims of the '738 Patent by importing, making, using, offering for sale, or selling the Accused Products in violation of 35 U.S.C. § 271.

70.     Defendants have been and continue to directly infringe by, among other things, performing actions regarding the Accused Products, for example, through internal testing, quality assurance, research and development, and troubleshooting. *See Joy Techs., Inc. v. Flakt, Inc*., 6 F.3d 770, 775 (Fed. Cir. 1993); *see also* 35 U.S.C. § 271 (2006).

71.     By way of example, Defendants have infringed and continue to infringe one or more claims of the '738 Patent, including at least Claim 1. Attached hereto as

**ORIGINAL COMPLAINT AND DEMAND FOR JURY TRIAL**

Exhibit B3 is an exemplary claim chart providing evidence that maps each element of Claim 1 of the '738 Patent to an exemplary Accused Product

**Induced Infringement – 35 U.S.C. § 271(b)**

72.    Plaintiff incorporates the above paragraphs herein by reference, the same as if set forth herein.

73.    Defendants had knowledge of the '738 Patent when this suit was filed. *See EON Corp. IP Holdings, LLC v. Sensus USA, Inc.,* No. C-12-1011 EMC, 2012 WL 4514138, at *1 (N.D. Cal. 2012) (citing *In re Bill of Lading Transmission and Processing System Patent Litigation,* 681 F.3d 1323, 1345 (Fed. Cir. 2012)) (noting that the Federal Circuit has determined that post-filing knowledge is sufficient to meet the knowledge requirement for indirect infringement).

74.    Defendants knew the actions of making, using, selling, offering for sale, and/or importing the Accused Products infringe the '738 Patent and yet Defendants induced and continue to induce others, including partners, customers, and third parties, to directly infringe at least one claim of the '738 Patent under 35 U.S.C. § 271(b). Defendants took active steps to induce infringement, such as advertising an infringing use, which supports a finding of an intention. *See Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 932 (2005) ("[I]t may be presumed from distribution of an article in commerce that the distributor intended the article to be used to infringe another's patent, and so may justly be held liable for that infringement").

75.    For example, Defendants induced users to use the infringing Accused Products, actively prompting infringement by advertising infringing features and providing instructions on how to use them. *See*, *e.g.*, Ex. C[11] (advertising the fenix 6 Pro and infringing features, including its heart rate and blood oxygen saturation

---

[11] Available at https://www.garmin.com/en-US/p/641479/pn/010-02158-10#overview.

**ORIGINAL COMPLAINT AND DEMAND FOR JURY TRIAL**

monitoring); Ex. D[12] (encouraging users to use the heartrate monitoring features of the fenix 6 Pro as well as describing the benefits of using them); Ex. E [13] (encouraging users to use the blood oxygen saturation monitoring features of the fenix 6 Pro as well as describing the benefits of using them); Ex. F[14] (providing in-depth instructions on how to utilize heart rate monitoring features); and Ex. G[15] (providing in-depth instructions on how to utilize blood oxygen saturation monitoring features).

76.     The allegations herein support a finding that Defendants induced infringement of the '738 Patent. *See Power Integrations v. Fairchild Semiconductor*, 843 F.3d 1315, 1335 (Fed. Cir. 2016) ("[W]e have affirmed induced infringement verdicts based on circumstantial evidence of inducement [e.g., advertisements, user manuals] directed to a class of direct infringers [e.g., customers, end users] without requiring hard proof that any individual third-party direct infringer was actually persuaded to infringe by that material.").

### Contributory Infringement – 35 U.S.C. § 271(c)

77.     Plaintiff incorporates the above paragraphs herein by reference, the same as if set forth herein.

78.     Defendants had knowledge of the '738 Patent when this suit was filed. *See EON Corp. IP Holdings, LLC v. Sensus USA, Inc.,* No. C-12-1011 EMC, 2012 WL 4514138, at *1 (N.D. Cal. 2012) (citing *In re Bill of Lading Transmission and Processing System Patent Litigation,* 681 F.3d 1323, 1345 (Fed. Cir. 2012)) (noting that the Federal Circuit has determined that post-filing knowledge is sufficient to meet the knowledge requirement for indirect infringement).

---

[12] Available at https://www.garmin.com/en-US/garmin-technology/health-science/heart-rate-monitoring/.
[13] Available at https://www.garmin.com/en-US/garmin-technology/health-science/pulse-ox/.
[14] Available at https://www8.garmin.com/manuals/webhelp/fenix66s6xpro/EN-US/fenix_6_6S_6X_Pro_OM_EN-US.pdf at 36.
[15] Available at https://www8.garmin.com/manuals/webhelp/fenix66s6xpro/EN-US/fenix_6_6S_6X_Pro_OM_EN-US.pdf at 51.

**ORIGINAL COMPLAINT AND DEMAND FOR JURY TRIAL**

79.    On information and belief, Defendants contribute to its users' infringement of at least Claim 1 of the '738 Patent by actions of making, using, selling, offering for sale, and/or importing the Accused Products that have no substantial non-infringing uses. *See, e.g., Lucent Techs., Inc. v. Gateway, Inc*., 580 F.3d 1301, 1321 (Fed. Cir. 2009) (holding that the "substantial non-infringing use" element of a contributory infringement claim applies to an infringing feature or component, and that an "infringing feature" of a product does not escape liability simply because the product as a whole has other non-infringing uses).

**Willful Infringement**

80.    Plaintiff incorporates the above paragraphs herein by reference, the same as if set forth herein.

81.    Defendants had knowledge of the '738 Patent when this suit was filed. *See EON Corp. IP Holdings, LLC v. Sensus USA, Inc.,* No. C-12-1011 EMC, 2012 WL 4514138, at *1 (N.D. Cal. 2012) (citing *In re Bill of Lading Transmission and Processing System Patent Litigation,* 681 F.3d 1323, 1345 (Fed. Cir. 2012)) (noting that the Federal Circuit has determined that post-filing knowledge is sufficient to meet the knowledge requirement for indirect infringement).

82.    Despite their knowledge of the '738 Patent, Defendants have sold and continued to sell the Accused Products in complete and reckless disregard of Plaintiff's patents rights. As such, Defendants have acted recklessly and continue to willfully, wantonly, and deliberately engage in acts of infringement of the '738 Patent, justifying an award to Plaintiff of increased damages under 35 U.S.C. § 284, and attorneys' fees and costs incurred under 35 U.S.C. § 285.

**Plaintiff Suffered Damages**

83.    Defendants' acts of infringement of the Patents-in-Suit have caused damage to Plaintiff, and Plaintiff is entitled to recover from Defendants the damages sustained as a result of Defendants' wrongful acts in an amount subject to proof at

**ORIGINAL COMPLAINT AND DEMAND FOR JURY TRIAL**

trial pursuant to 35 U.S.C. § 271. The precise amount of damages will be determined through discovery in this litigation and proven at trial.

## REQUEST FOR RELIEF

Plaintiff incorporates each of the allegations in the paragraphs above and respectfully asks the Court to:

(a)    enter a declaration that Defendants have directly infringed, contributorily infringed, and/or induced infringement of one or more claims of the Patents-in-Suit;

(b)    enter a judgment awarding Plaintiff all damages adequate to compensate him for Defendants' infringement of, direct or contributory, or inducement to infringe, the Patents-in-Suit, including all pre-judgment and post-judgment interest at the maximum rate permitted by law;

(c)    enter a judgment awarding treble damages pursuant to 35 U.S.C. § 284 for Defendants' willful infringement of the Patents-in-Suit;

(d)    issue a preliminary injunction and thereafter a permanent injunction enjoining and restraining Defendants, their directors, officers, agents, servants, employees, and those acting in privity or in concert with them, and their subsidiaries, divisions, successors, and assigns, from further acts of infringement, contributory infringement, or inducement of infringement of the Patents-in-Suit;

(e)    enter a judgment requiring Defendants to pay the costs of this action, including all disbursements, and attorneys' fees as provided by 35 U.S.C. § 285, together with prejudgment interest; and

(f)    award Plaintiff all other relief that the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.

**ORIGINAL COMPLAINT AND DEMAND FOR JURY TRIAL**

Dated: February 28, 2022        Respectfully submitted,


/s/ Kirk J. Anderson_____
KIRK. J. ANDERSON (SBN 289043)
kanderson@budolaw.com
BUDO LAW P.C.
5610 Ward Rd., Suite #300
Arvada, CO 80002
(720) 225-9440 (Phone)
(720) 225-9331 (Fax)


/s/ M. Grant McArthur_____
M. GRANT MCARTHUR (SBN 321959)
gmcarthur@budolaw.com
BUDO LAW P.C.
5610 Ward Rd., Suite #300
Arvada, CO 80002
(720) 225-9440 (Phone)
(720) 225-9331 (Fax)


***Attorney(s) for Plaintiff Context Directions LLC***

**ORIGINAL COMPLAINT AND DEMAND FOR JURY TRIAL**